IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADAM BUELL,** a United States Citizen; and **OLGA VALERYEVNA BUELL**, a Citizen of Russia,<br><br>       Plaintiffs,<br><br>    v.<br><br>**UNITED STATES DEPARTMENT OF STATE; MARCO RUBIO**, United States Secretary of State; **DANIEL LAWTON**, Chargé d'Affaires, *a.i.*, U.S. Embassy in Warsaw, Poland; and **PHILLIP T. SLATTERY**, Director of the National Visa Center,<br><br>       Defendants. | Case No. 3:24-cv-1942-JR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on April 28, 2025. Judge Russo recommended that this Court grant in part and deny in part Defendants' motion to dismiss and dismiss the case without leave to amend and without prejudice.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed an objection, to which Plaintiffs did not respond. Defendants object to the portion of Judge Russo's recommendation finding that Plaintiffs had standing to sue each Defendant, Defendants have a non-discretionary duty to take further action on Mrs. Buell's already refused visa application, and the doctrine of consular non-reviewability does not preclude this suit. Defendants do not object to the Findings and Recommendation's ultimate conclusion that the case should be dismissed without leave to amend because Plaintiffs fail adequately to allege unreasonable delay. The Court has reviewed for clear error and adopts the recommendation that the case be dismissed without leave to amend for failure to state a claim. The Court now turns to Defendants' objections.

PAGE 2 – ORDER

**DISCUSSION**

Plaintiff Adam Buell, a U.S. citizen, is married to Plaintiff Olga Valeryevna Buell, a citizen and national of Russia. Plaintiffs filed applications for a visa with the U.S. Citizenship and Immigration Services that would allow Mrs. Buell to immigrate to the United States. Plaintiffs allege that Defendants improperly delayed in adjudicating Plaintiffs' visa application.

Defendants agree with the Findings and Recommendation's conclusion that the case should be dismissed for failure to state a claim for unreasonable delay but argue that three threshold matters also support dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. First, Defendants contend that U.S. Secretary of State Marco Rubio, the State Department, and National Visa Center ("NVC") Director Phillip T. Slattery (collectively, the "non-Embassy Defendants") should be dismissed because Plaintiffs lack standing to sue them. Second, Defendants argue that Plaintiffs' claim under the Administrative Procedure Act ("APA") and mandamus claims should be dismissed because a consular officer does not have a mandatory, non-discretionary duty to re-adjudicate Mrs. Buell's refused visa application. Third, Defendants contend that the doctrine of consular non-reviewability precludes judicial review of the consular officer's decision to refuse Mrs. Buell's visa application.

**A.  Standing to Sue Non-Embassy Defendants**

Defendants argue that the non-Embassy Defendants have no role in re-adjudicating the visa application and thus Plaintiffs lack standing to sue the non-Embassy Defendants. Defendants argue that Plaintiffs' delay claim seeks to compel action on a specific visa, over which non-Embassy Defendants do not have authority. Specific to Slattery, Defendants contend that the NVC lacks authority to provide the requested relief because NVC's role ended when it deemed Mrs. Buell documentarily complete and scheduled her for a visa interview.

The Court agrees with the Findings and Recommendation that Plaintiffs do not challenge a consular officer's determination or seek to compel a particular outcome. "Instead, Plaintiffs seek timely administrative processing of a visa application." *Aminzadeh v. Blinken*, 2024 WL 3811153, at *3 (C.D. Cal. Aug. 9, 2024). The State Department has supervisory responsibility over offices responsible for visa application processing, including administrative processing and the U.S. embassies, and therefore Secretary Rubio and the State Department are properly named Defendants. *Id.*; *see also Momeni v. Blinken*, 2024 WL 5112234, at *6 (C.D. Cal. Dec. 13, 2024) (denying motion to dismiss for lack of standing as to former Secretary of State Blinken for applications in administrative processing); *Asghari v. Rubio*, 2025 WL 578384, at *2 (C.D. Cal. Jan. 23, 2025) (holding that Secretary Rubio is a properly named Defendant and can provide the relief sought of expedited administrative processing).

Further, Plaintiffs allege that Slattery "is responsible for the administration and scheduling of immigrant visa petitions for the United States and its embassies and consulate abroad." Compl. (ECF 1) ¶ 10. At the pleading stage, this allegation is sufficient to plead that Slattery can provide the requested relief of expedited administrative processing. In Defendants' motion to dismiss and objections to the Findings and Recommendation, Defendants cite a State Department website to argue that after scheduling a visa interview, the NVC transfers the case to the relevant embassy or consulate and thus loses authority over the visa application. The Court cannot accept as true the contents of this website at the pleading stage. Thus, Plaintiffs sufficiently have alleged standing to sue all named Defendants.

**B. Non-Discretionary Duty**

Mandamus relief generally is not available to compel a federal official to perform a discretionary duty. *See, e.g.*, *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Defendants argue that the allocation of consular resources, such as the adjudication of visas, is discretionary, and

that the Secretary of State's discretion over the visa process includes the timing of visa adjudications. To the extent that the consular officer had any duty to act on the visa application, Defendants contend that this duty was satisfied by the officer refusing Mrs. Buell's visa and placing it in administrative processing. Defendants argue that Plaintiffs seek a court order requiring the consular officer to re-adjudicate the refused application, a discretionary action which a consular officer has no duty to do. Further, Defendants contend that the "finality" of the decision to place a visa application in administrative processing is immaterial because no statute or regulation requires the finality of a decision on a visa application.

Defendants cite a recent D.C. Circuit unpublished decision, *Karimova v. Abate*, 2024 WL 3517852 (D.C. Cir. July 24, 2024), to support their argument.[1] In *Karimova*, the D.C. Circuit held that a visa application that has been put in administrative processing has already been officially refused. 2024 WL 3517852, at *2. The D.C. Circuit also rejected the plaintiff's argument that "*only* Section 555(b)" of the APA "'places a clear, non-discretionary duty' on her consular officer to re-adjudicate her already-refused application." *Id.* at *3 (emphasis in original) (quoting the plaintiff's reply brief). Instead, the court explained that "the United States Citizenship and Immigration Service's 'nondiscretionary duty' to adjudicate visa petitions [is located] in a special provision of the immigration code [8 U.S.C. § 1153(e)(1)]." *Id.* at *6 (citing *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023)). Therefore, the D.C.

---

[1] Defendants also cite multiple district courts around the country that have held that there is no mandatory, non-discretionary duty to re-adjudicate a visa application that has been placed in administrative processing. *See, e.g.*, *Artan v. Dillard*, 2024 WL 4611697, at *6 (D. Neb. Oct. 11, 2024); *Farahani v. Laitinen*, 2025 WL 360833, at *4 (M.D.N.C. Jan. 31, 2025); *Turner v. Blinken*, 2024 WL 4957178, at *6 (D. Md. Dec. 3, 2024); *Esghai v. U.S. Dep't of State*, 2024 WL 4753799, at *5 (S.D.N.Y. Nov. 12, 2024); *Amjad v. Schofer*, 2024 WL 4416984, at *1 (D.D.C. Oct. 4, 2024); *Al-Obaidi v. Blinken*, 2024 WL 4536488, at *4-5 (M.D. Tenn. Oct. 2, 2024); *Ramizi v. Blinken*, 745 F. Supp. 3d 244, 260 (E.D.N.C. 2024); *Berenjian v. Blinken*, 2024 WL 3732451, at *3 (E.D. Va. Aug. 8, 2024).

Circuit affirmed the district court's dismissal of the plaintiff's claim based only on § 555(b) but did not address if a claim under 8 U.S.C. § 1202(b) of the immigration code would impose a non-discretionary duty.

Defendants also argue that finality is a "red herring" because neither of the statutes cited by Plaintiffs to support the alleged mandatory duty—8 U.S.C. § 1202(b) and APA § 555(b)—require final decisions. Defendants contend that § 1202(b)'s requirement that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer" describes only *who* must adjudicate a visa application. Similarly, Defendants argue that § 555(b) merely directs an agency to "conclude a matter presented to it" "within a reasonable time," without creating specific, non-discretionary duties. *See Karimova*, 2024 WL 3517852, at *3 ("Section 555(b) . . . simply expresses 'a congressional view that agencies should act within reasonable time frames[.]'" (alteration in original) (quoting *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984))). But placing an application in administrative processing, which even under the *Karimova* court's description is a position in which the applicant can overcome the "refusal" of their application by submitting additional information, "is the opposite of the agency having already concluded a matter presented to it." *Hassan v. Dillard*, 758 F. Supp. 3d 973, 981 (D. Minn. 2024) (cleaned up). The Court therefore does not find this argument persuasive.

As the United States District Court for the District of Minnesota noted in *Hassan v. Dillard*—a case cited by Defendants—there is no binding precedent in this circuit (or the Eighth Circuit as addressed in *Hassan*) that adopts the *Karimova* court's reasoning or its interpretation of § 555(b). 758 F. Supp. 3d at 980. Further, "[t]he *Karimova* decision does not identify a statutory provision that plainly states a consular officer's 'refusal' at the conclusion of the interview concludes the agency's obligation to finally adjudicate the decision." *Id.* The Findings

and Recommendation also cited multiple other cases finding that a non-discretionary duty exists,[2] which Defendants do not distinguish in their objections. The Court finds *Hassan* and the cases cited by the Findings and Recommendation more persuasive than the *Karimova* line of cases. Thus, the Court agrees with and adopts the Findings and Recommendation's conclusion that Plaintiffs sufficiently have alleged a non-discretionary duty to process Mrs. Buell's visa application within a reasonable time.[3]

## C. Consular Non-Reviewability

Finally, Defendants argue that the doctrine of consular non-reviewability precludes this lawsuit. Defendants contend that the consular officer refused Mrs. Buell's application, constituting a final adjudication on the merits. Defendants acknowledge that the Findings and Recommendation cites several cases that have held that the doctrine of consular non-reviewability does not apply to visa refusals followed by administrative processing.[4]

---

[2] *See, e.g., R2 Techs. Corp. v. Rubio*, 2025 WL 436306, at *4 (D.D.C. Feb. 7, 2025) (agreeing with "the majority view" that "[i]ssuing a final decision on a visa application is plainly a discrete agency action . . . required by both the APA and federal regulations" and a provisional refusal pending administrative processing is not a final decision); *Sheikhalizadehjahed v. Gaudiosi*, 2024 WL 4505648, at *7 (E.D. Cal. Oct. 16, 2024) ("Any other conclusion about § 1202(b) and circumstances like these would allow [the State Department] to evade any judicial review of delayed adjudications by issuing *pro forma* refusals while continuing to administratively process cases."); *Aminzadeh*, 2024 WL 3811153, at *4 ("[R]efusal for administrative processing is *not* a final decision and therefore does not discharge the agency's obligation to adjudicate visa applications." (emphasis in original)); *Barazandeh v. U.S. Dep't of State*, 2024 WL 341166, at *6 n.5 (D.D.C. Jan. 30, 2024) ("[T]he 'clear duty' that defendants have allegedly breached is not a duty to reconsider a refused visa application, but a consular officer's duty to review and adjudicate immigrant visa applications as set out in 8 U.S.C. § 1202(b).").

[3] As noted, however, the Court also adopts the Findings and Recommendation's conclusion that Plaintiffs failed to allege that Defendants have unreasonably delayed processing Mrs. Buell's visa by delaying only 14 months.

[4] *See, e.g.*, *Didban v. Pompeo*, 435 F. Supp. 3d 168, 174 (D.D.C. 2020) (collecting cases); *Vulupala v. Barr*, 438 F. Supp. 3d 93, 98-99 (D.D.C. 2020) (refusing to apply the consular non-reviewability doctrine where the "visa application remains in administrative

PAGE 7 – ORDER

Defendants cite *Department of State v. Muñoz*, 602 U.S. 899 (2024), and *Karimova* to argue that consular non-reviewability should apply.[5] But these cases are inapposite. *Muñoz* merely reaffirmed the consular non-reviewability doctrine and considered the applicability of an exception "when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen." 602 U.S. at 908 (quotation marks omitted). The Supreme Court did not explicitly hold that visa applications that are in administrative processing are final and conclusive actions not subject to judicial review. And in *Karimova*, the D.C. Circuit stated that it "need not decide whether that principle of nonreviewability applies in this case, which purports to challenge the timing rather than the content of a consular visa decision." 2024 WL 3517852, at *6.

Further, as discussed above, "Defendants' argument rests on the flawed premise that [Mrs. Buell's] visa application has been finally resolved and [Plaintiffs] seek[] to overturn that decision or have the Court order reconsideration of it." *Hassan*, 758 F. Supp. 3d at 983. Plaintiffs challenge not the outcome, but merely the delay in reaching a final adjudication. There is binding Ninth Circuit caselaw holding that the doctrine of consular non-reviewability does not preclude review of claims seeking to compel the State Department to adjudicate a visa application: *Patel*, 134 F.3d at 931-32.

---

processing"); *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 11, 16 (D.D.C. 2022) (collecting cases and holding the same); *Aminzadeh*, 2024 WL 3811153, at *5 (rejecting the defendants' argument that consular non-reviewability applied because the consular officer's refusal of the plaintiff's application was "a refusal for further administrative processing, not a final decision"); *Abbassi v. Gaudiosi*, 2024 WL 1995246, at *4 (E.D. Cal. May 6, 2024) (agreeing with the "prevailing position among most other district courts" that consular non-reviewability "does not bar review of an as-yet final adjudication of a visa application in administrative processing").

[5] Defendants also cite district court opinions holding that consular non-reviewability applies. *See, e.g.*, *Reese v. U.S. Dep't of State*, 2024 WL 3381898, at *3 (N.D. Ala. July 10, 2024); *Bamdad v. U.S. Dep't of State*, 2024 WL 1462948, at *3 (W.D. Tex. Feb. 9, 2024); *Nawaz v. U.S. Dep't of State*, 2024 WL 99486, at *4 (E.D.N.Y. Jan. 9, 2024).

In their objections to the Findings and Recommendation, Defendants attempt to distinguish *Patel* by arguing that government counsel stated at oral argument that the application was being held "in abeyance" and that the regulation at issue in *Patel* has since been revised to permit consular officers to discharge their duty to issue or refuse a visa by refusing visas under § 1201(g), as the officer did here. But as the Findings and Recommendation explained, *Patel* holds that consular non-reviewability does not preclude judicial review when a consular officer holds a visa application in abeyance, which is what Plaintiffs allege is happening here and the Court must accept as true at this stage.

Multiple district courts have also held that "the consular non-reviewability doctrine is inapplicable where, as here, [Plaintiffs] do not seek judicial review of a consular decision but instead seek a final decision on their applications." *Taha v. Blinken*, 765 F. Supp. 3d 91, 94 (D. Mass. 2025) (cleaned up) (cited by Defendants); *see also Ghannad-Rezaie v. Laitinen*, 757 F. Supp. 3d 148, 152-53 (D. Mass. 2024) (holding that "the doctrine does not preclude review of claims seeking to compel the [State Department] to adjudicate a visa application" and collecting cases); *Nawaz v. Rubio*, 2025 WL 1091548, at *3 (C.D. Cal. Mar. 4, 2025) (holding that administrative processing is not a final decision precluding review and thus that "[t]he nonreviewability doctrine has no applicability here"); *Momeni*, 2024 WL 5112234, at *5 (holding that refusal of the application "was a placeholder and temporary refusal for 'further administrative processing'; it was not a final adjudication" and thus non-reviewability does not apply, and collecting cases)*; Mahonak v. Rubio*, 2025 WL 449044, at *15 (C.D. Cal. Feb. 10, 2025) (holding that consular non-reviewability did not apply because the plaintiffs adequately pleaded that the defendants did not issue a final decision after placing the applications in administrative processing). The Court finds their reasoning persuasive. Therefore, the Court

agrees with the Findings and Recommendation that at this stage, Plaintiffs adequately have pleaded that consular non-reviewability does not bar their claims.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation, ECF 11. The Court GRANTS IN PART Defendants' Motion to Dismiss, ECF 7. The Court dismisses this case without leave to amend but without prejudice for Plaintiffs to renew their claims if the current delay matures into an unreasonable delay.

**IT IS SO ORDERED.**

DATED this 12th day of June, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge